UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 5:13-cv-393-JMH

LISA HOLLAND                                                         PLAINTIFF

v.                                   **OPINION & ORDER**

CAROLYN W. COLVIN,
Acting Commissioner of Social Security                              DEFENDANT

\* \* \* \* \* \* \* \* \* \*

The plaintiff, Lisa Holland, brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision of the Commissioner of Social Security denying her claim for period of disability and disability insurance benefits. The Court, having reviewed the record, will affirm the Commissioner's decision, as it is supported by substantial evidence.

**I. OVERVIEW OF THE PROCESS**

In determining whether a claimant has a compensable disability under the Social Security Act, the regulations provide a five-step sequential process which the administrative law judge must follow. 20 C.F.R. § 404.1520(a)-(e); *see Walters v. Commissioner of Social Security*, 127 F.3d 525, 529 (6th Cir. 1997). The five steps, in summary, are as follows:

(1)     If the claimant is currently engaged in substantial gainful activity, she is not disabled.

(2)     If the claimant is not doing substantial gainful activity, her impairment must be severe before she can be found disabled.

(3)     If the claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous

1

period of at least twelve months, and her impairment meets or equals a listed impairment, the claimant is presumed disabled without further inquiry.

(4) If the claimant's impairment does not prevent her from doing past relevant work, she is not disabled.

(5) Even if the claimant's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that accommodates her residual functional capacity and vocational factors (age, education, skills, etc), she is not disabled.

*Id.* The burden of proof is on the claimant throughout the first four steps of this process to prove that she is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 146, n. 5 (1987). If the administrative law judge reaches the fifth step without a finding that the claimant is not disabled, then the burden shifts to the Commissioner to consider her residual functional capacity, age, education, and past work experience to determine if she could perform other work. If not, she would be deemed disabled. 20 C.F.R. § 404.1520(f). Importantly, the Commissioner only has the burden of proof on "the fifth step, proving that there is work available in the economy that the claimant can perform." *Her v. Commissioner of Social Security*, 203 F.3d 388, 391 (6th Cir. 1999).

## II. PROCEDURAL BACKGROUND AND THE ADMINISTRATIVE DECISION

Holland filed her claim for benefits on June 30, 2010, alleging an onset date of May 25, 2009 [TR 49, 102, 112, 198]. After a hearing, the Administrative Law Judge ("ALJ") issued an unfavorable decision on September 12, 2012 [TR 49-62]. At the time the ALJ rendered his decision, Holland was 47 years old. [TR 60]. She is a high school graduate and has past relevant work experience as an administrative assistant [TR 60, 73, 203]. She alleges disability due to depression, migraines, fibromyalgia, shingles, and staph [TR 103, 202].

The ALJ began his analysis by determining that Holland has met the insured status requirements of the Social Security Act through December 31, 2014 [TR 51]. At step one, the ALJ

determined that Holland has not engaged in any substantial gainful activity since her alleged onset date of May 25, 2009 [TR 51].  At step two, the ALJ found that Holland suffers from the following severe impairments: chronic neck, mid-back, and low back pain secondary to degenerative disc disease of the cervical, thoracic and lumbar spine with multi-level disc bulges; status post discectomy and fusion of the C5/C6 vertebrae; history of staph infection of the face; history of post herpetic neuralgia or shingles; left arm radiculopathy; fibromyalgia; mild obesity; pain disorder; migraine headaches; osteoarthritis of the hips; and depression [TR 52].  Continuing on to the third step, the ALJ determined that Holland does not have an impairment or combination of impairments that meets or medically equals in severity any of the listed impairments [TR 54].  The ALJ then determined that, based on the medically determinable evidence, Holland has the residual functional capacity ("RFC") to perform the exertional and nonexertional requirements of sedentary work, with the following limitations: no climbing of ropes, ladders or scaffolds; occasional stooping, kneeling, crouching or crawling; occasional use of the left arm for overhead work; and no exposure to concentrated temperature extremes, excess humidity, concentrated vibration or industrial hazards. Additionally, she requires entry-level work with simple repetitive procedures, no frequent changes in work routines, and no fast-paced assembly lines or rigid production schedules [TR 55].

At the hearing the vocational expert testified that Holland would not be able to return to her past relevant work as an administrative assistant given the limitations of her RFC [TR 98].  Thus, at step four, the ALJ found that Holland is unable to perform her past relevant work [TR 60]. However, based on her RFC, age, education and experience, the vocational expert did identify other jobs existing in significant numbers in the national economy that Holland could perform [TR 98-99]. Based on this evidence, the ALJ determined that Holland was not disabled at step five of the

sequential evaluation process [TR 60-61 ].

The ALJ's decision that Holland is not disabled became the final decision of the Commissioner when the Appeals Commission subsequently denied her request for review on October 22, 2013 [TR 1]. Holland has exhausted her administrative remedies and filed a timely action in this Court. This case is now ripe for review under 42 U.S.C. § 405(g).

### III. GENERAL STANDARD OF REVIEW

The decision of the Commissioner must be supported by substantial evidence. *Varley v. Secretary of Health and Human Services*, 820 F.2d 777, 779 (6th Cir. 1987). Once the decision of the Commissioner is final, an appeal may be taken to the United States District Court pursuant to 42 U.S.C. § 405(g). Judicial review of the Commissioner's decision is restricted to determining whether it is supported by substantial evidence and was made pursuant to the proper legal standards. *See Cutlip v. Secretary of Health and Human Services*, 25 F.3d 284, 286 (6th Cir. 1994). "Substantial evidence" is defined as "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* In reviewing the decision of the Commissioner, courts are not to conduct a *de novo* review, resolve conflicts in the evidence, or make credibility determinations. *See id.* Rather, the court must affirm the Commissioner's decision so long as it is supported by substantial evidence, even if the court might have decided the case differently. *See Her*, 203 F.3d at 389-90. However, the court must review the record as a whole, and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

### IV. ANALYSIS

On appeal, Holland presents several issues for review. First, she argues that the ALJ erred

by "cherry pick[ing] portions of the medical opinions in order to arrive at a conclusion of non disability, where each of the opinions would disable the claimant" and that he failed to give "adequate reasoning for refusing to accept the opinions of both the consultative examiner and the reviewing consultants." In support of this argument, Holland contends that the ALJ improperly evaluated the opinion of one-time examiner Kelli M. Rose, M.D. After examining Holland, Dr. Rose opined as follows:

> The patient is able to sit, stand, and walk without any difficulty. She does have some difficulty with standing or walking for long periods of time secondary to her osteoarthritis in her knees and ankles. She has no difficulty with lifting, carrying, or handling objects. She has no difficulty with hearing, seeing, or speaking. The use of a cane is not medically necessary.

[TR 407]. She also opined that "[s]he would be able to stand or walk for 2 hours in an 8-hour day intermittently. She would be able to lift or carry less than 10 pounds frequently or 10 pounds occasionally" [TR 407]. Holland argues that the ALJ improperly "accepted all opinions of Dr. Rose's report except those which would disable her."

The ALJ is required to "evaluate every medical opinion" in the record. *See* 20 C.F.R. § 404.1527(d). Yet, not all medical sources are treated equally. The SSA regulations classify acceptable medical sources into three types: nonexamining sources, nontreating (but examining) sources, and treating sources. *Id*. When evaluating medical opinions, the SSA will generally "give more weight to the opinion of a source who has examined [the claimant] than to the opinion of a source who has not examined" her. *Id*. § 404.1527(d)(1). The most weight, however, is afforded "to opinions from [the claimant's] treating sources], since these sources are likely to be medical professional most able to provide a detailed, longitudinal picture of [the claimant's] medical impairment(s) . . . ." *Id*. § 404.1527(d)(2). The ALJ is required to give "good reasons in [its] notice

5

of determination or decision for the weight [it gives the claimant's] treating source's opinion." *Id.*

As a one-time examining doctor, Dr. Rose's opinion is not entitled to the special deference afforded treating physicians and the ALJ is not required to give "good reasons" for the weight afforded to the opinion. *Smith v. Commissioner of Social Security*, 482 F.3d 873, 876 (6th Cir. 2007); *Barker v. Shalala*, 40 F.3d 789, 794 (6th Cir. 1994); *see also* 20 C.F.R. § 404.1527(d)(2). Nevertheless, the ALJ's decision reveals that he carefully analyzed Dr. Rose's findings in conjunction with the entire medical record. The ALJ gave "great weight" to Dr. Rose's opinion that Holland was "able to sit, stand, and walk without difficulty" [TR 59, 407], and that she could lift or carry less than 10 pounds frequently or 10 pounds occasionally and would be able to stand or walk for 2 hours in an 8-hour day [TR 55, 59, 407]. The ALJ, however, gave little weight to Dr. Rose's opinion that Holland would have difficulty standing or walking for long periods of time secondary to osteoarthritis in her knees and ankles and no weight to Dr. Rose's finding that her ability to stand or walk would be limited to "intermittently" [TR 59, 407] because these opinions were inconsistent with her own findings on examination and inconsistent with other evidence in the record. While Holland complains that the ALJ did not give "adequate" reasons for rejecting part of Dr. Rose's opinion, there is no such requirement because Dr. Rose is not a treating physician. The ALJ is only required to give "good reasons" for not giving controlling weight to the findings of a treating physician. 20 C.F.R. § 404.1527(d)(2); *see Wilson v. Commissioner of Social Security*, 378 F.3d 541, 545 (6th Cir. 2004).

Even without such a requirement, the ALJ clearly explained his rationale for only accepting a portion of Dr. Rose's opinion. As the ALJ explained, Dr. Rose's finding that Holland had difficulty with standing or walking long periods of time appeared to have been based only on her

subjective reports [TR 53, 59]. Dr. Rose's own examination notes reveal the following normal findings: normal range of motion; no inflammation, swelling or effusion of her joints; normal gait; no knee or ankle crepitus; muscle strength of 5/5 throughout; and intact sensation [TR 406-07]. Additionally, in rejecting portions of Dr. Rose's opinion, the ALJ pointed to other evidence of record, including the August 2011 report of Bill Kumler, M.D. Dr. Kumler found excellent range of motion in Holland's knees, no effusion of either knee, minimal medial joint line tenderness of the right knee, symmetric muscles of her calves and thighs [TR 53, 1312]. He also found minimal discomfort to palpatation about her spine and only mild discomfort to palpation of her right sacroiliac joint region. He recommended symptomatic treatment and anti-inflammatories [TR 1312-13].

The ALJ also relied on the July 2011 report of Betsy Bailey, M.D., who found no musculoskeletal abnormality except minimal subpatellar crepitus of the right knee [TR 54, 57, 1353]. Finally, the ALJ relied on the physical examination and report of Michael Dunaway, M.D., from March 2012 which revealed no motor, reflex, or sensory abnormalities in Hollands upper or lower extremities [TR 58, 1334]. For these reasons, substantial evidence supports the ALJ's decision to give little or no weight to portions of Dr. Rose's opinion.

Holland also argues that the ALJ failed to accept the opinion of Timothy Gregg, M.D., a state agency consultative physician. She contends that Dr. Gregg opined that her ability to sit, stand, or walk would prevent her from completing an 8-hour work day. However, Dr. Gregg actually opined that Holland could work an 8-hour work day with 2 hours of standing or walking and 6 hours of sitting [TR 13-121]. This was consistent with the ALJ's RFC finding for sedentary work and the hypothetical question to the VE. Thus, this argument fails.

Next, Holland contends that the ALJ erred by failing to afford more weight to the opinion of one of her treating physicians, Dr. Dunaway. He treated Holland on several occasions in 2011 and 2012, and opined in July 2012 that Holland was unable to work due to multiple back abnormalities [TR 1364-68]. Generally, the ALJ should give controlling weight to a disability opinion by a treating physician if it is well-supported by clinical and laboratory findings and is consistent with other evidence. The ALJ may consider the length and nature of the treating relationship, the supportability of the opinion, consistency, specialization, and any other factors that may be appropriate. *See* 20 C.F.R. § 416.927(d)(2)(2007). The supportability of the opinion depends on the degree to which the source presents relevant evidence to support the opinion, particularly medical signs and laboratory findings. *See* 20 C.F.R. § 416.927(d)(3)(2007); *see also Sizemore v. Secretary of Health and Human Services*, 865 F.2d 709, 711-712 (6th Cir. 1988). The Sixth Circuit has held that a treating physician's opinion may be "undercut, to a degree, by the absence of underlying objective findings or corroborative clinical evidence." *Sias v. Secretary of Health and Human Services*, 861 F.2d 475, 479 (6th Cir. 1988).

Here, the ALJ noted that Dr. Dunaway's opinion appeared to be based primarily on Holland's subjective allegations because they lack objective medical support [TR 59]. For example, although Dr. Dunaway noted on the form that Holland had significant spinal problems, the specialists from the University of Kentucky Nuerosciences Department reviewed MRI's from February 2012 and October 2011 and found only mild degenerative disease [Tr 59, 1322-23, 1362, 1363]. The ALJ also noted that Dr. Dunaway's examination in February 2012 revealed no motor, reflex or sensory abnormality in her lower extremities [TR 58, 1337]. While her spine was tender throughout, Holland had flexion to about 80 degrees and straight leg raising was negative for

8

radicular pain [Tr 1337]. Finally, the ALJ noted that while Dr. Dunaway's treatment records only diagnosed back and neck pain, the disabling form he completed included multiple additional concerns [TR 58, 1364-68]. Thus, by pointing out the lack of objective medical evidence to support of Dr. Dunaway's disabling opinion, the ALJ gave good reasons for rejecting his opinion and substantial evidence supports this decision.

Holland also argues that the ALJ failed to properly consider her impairments in combination. A review of the ALJ's decision, however, reveals that he properly considered her condition as a whole in rendering his findings [TR 52-60]. As the Sixth Circuit has held, "[a]n ALJ's individual discussion of multiple impairments does not imply that he failed to consider the effect of the impairments in combination, where the ALJ specifically refers to a 'combination of impairments' in finding that the plaintiff does not meet the listings." *Loy v. Secretary of Health & Human Servs.*, 901 F.2d 1306, 1310 (6th Cir. 1990). Here, the ALJ did specifically refer to Holland's "combination of impairments" [TR 54]. Holland has failed to explain in what way the ALJ did not consider the combined effect of her impairments, and she has failed to show that her impairments caused additional limitations on her ability to work. *See Metcalfe v. Astrue*, 2011 WL 2009446, at *5 (E.D.Ky. May 23, 2011). Thus, the ALJ did not err by failing to considering the combined effect of her impairments.

To the extent that Holland contends that her impairments met or equaled Listing 1.04, her argument also fails. In order to show that an impairment meets a listing, the claimant must show that it meets all of the specified medical criteria. *See* 20 C.F.R. §§ 404.1520(a)(4)(iii); 404.1525, 404.1526; *Zebley*, 493 U.S. at 530-32. "An impairment that manifest only some of those criteria, no matter how severely, does not qualify." *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990). Listing

1.04 requires evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight leg raising test (sitting and supine). *See* 20 C.F.R. pt. 404, subpt. P, app. 1, § 1.04A. Holland's cursory argument fails to point to specific medical findings that satisfy all of the criteria of this listing. Merely arguing that "the longitudinal medical evidence is clear" and that it indicates "evidence of intensity, frequency and duration so as to seriously interfere" with her ability to function does not satisfy this requirement. The ALJ determined that although Holland "has some evidence of the residuals of nerve root compression in the cervical spine, she has no reflex, sensory, or motor abnormalities" [TR 54]. Dr. Dunaway's examination of February 2012 found that she had negative straight leg raising for radicular pain, and other record repeatedly show normal strength of her upper and lower extremities [TR 492, 497, 513, 550, 932, 962, 1322, 1334, 1337]. Holland has failed to cite any evidence that she suffered from reflex, sensory, or motor abnormalities, as required by the listing. Accordingly, she has failed to meet her burden of proving her impairments met or equaled Listing 1.04.

Finally, Holland makes the cursory argument that based on "the longitudinal medical record" and her own testimony, the ALJ erred in finding her not disabled. While her medical record and testimony certainly reveal severe impairments, as found by the ALJ, the objective medical evidence does not support a finding of disability. Holland cannot simply rely on a stack of medical records, and her own testimony, to establish disability. The issue before this Court is whether substantial evidence supports the ALJ's decision. After careful review, the Court finds that the entire medical record, including the opinions of Dr. Rose and Dr. Gregg, provides the substantial evidence required to uphold the Commissioner's decision.

## V. CONCLUSION

For the reasons set forth above, the Court, being fully and sufficiently advised, hereby **ORDERS** as follows:

(1) Plaintiff's motion for summary judgment [DE #10] is **DENIED**;

(2) the Commissioner's motion for summary judgment [DE #12] is **GRANTED;**

(3) the decision of the Commissioner is **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g) as it was supported by substantial evidence and was decided by proper legal standards; and

(4) a judgment consistent with this Opinion & Order will be entered contemporaneously.

This the 10th day of July, 2014.

Signed By:
*Joseph M. Hood*
Senior U.S. District Judge